**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: 06-04092

### ORDER DETERMINING SECTION 362(B)(4) STATUS OF SOUTH CAROLINA SUPREME COURT AND OFFICE OF DISCIPLINARY COUNSEL

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/01/2006**



US Bankruptcy Court Judge
District of South Carolina

Entered: 11/03/2006

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 06-4092 |
| Joseph W. Arsi and Kayla M. Arsi ) | |
| ) | ORDER DETERMINING § 362(b)(4) |
| ) | STATUS OF SOUTH CAROLINA |
| Debtors. ) | SUPREME COURT AND OFFICE OF |
| ) | DISCIPLINARY COUNSEL |

THIS MATTER is before the Court on motion of The Supreme Court of the State of South Carolina ("South Carolina Supreme Court") and The Office of Disciplinary Counsel, Henry B. Richardson, Jr., Disciplinary Counsel ("ODC") for determination of status under 11 U.S.C. § 362(b)(4)[1] or relief from the automatic stay. Debtors object, suggesting that movants intend to utilize the status as a governmental unit for purposes beyond the scope of § 362(b)(4) and that the motion is a disguised attempt to determine dischargeability of debts.

## Findings of Fact[2]

1. Joseph W. Arsi ("Arsi") and Kayla M. Arsi (jointly "Debtors") filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 15, 2006. W. Ryan Hovis is the chapter 7 trustee and has determined that there are no assets available for distribution to creditors and has concluded his administration of the case.

2. South Carolina Supreme Court and ODC were named in Debtors' Schedule F, with a notation of dispute as to any claim, which claim is attributed to Arsi only.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., will be by section number only.

[2] To the extent any finding of fact is a conclusion of law, it is adopted as such and to the extent any conclusion of law is a finding of fact, it is adopted as such.

3. South Carolina Supreme Court is the highest court in the judicial branch of the government of the State of South Carolina as provided in Section 1 of Article V of the Constitution of the State of South Carolina (1895, as amended).

4. South Carolina Supreme Court regulates admission to the practice of law in the State of South Carolina and is charged with the discipline of lawyers as provided in Section 4 of Article V of the Constitution of the State of South Carolina (1895, as amended).

5. South Carolina Supreme Court exercises some of its duties in the area of lawyer discipline through an active member of the bar appointed as disciplinary counsel as provided in Rule 5 of Rule 413, South Carolina Appellate Court Rules.

6. Arsi was formerly a member of the South Carolina Bar. He was disbarred for misconduct by order of South Carolina Supreme Court. *See In the Matter of Arsi*, 357 S.C. 8, 591 S.E. 2d 627 (2004). Arsi took money from his trust account under the guise of attorney fees for real estate loan closings and was not entitled to these fees. He also engaged in other misconduct.

7. By order dated March 24, 2006 South Carolina Supreme Court ordered Arsi to make monthly payments of $400.00 in restitution until $353,620.75 had been paid.

8. South Carolina Supreme Court and ODC opine that the restitution debt is not dischargeable under either §§ 523(a)(4) or (7) and stipulate that restitution would not be sought from property of the estate. No action to determine the dischargeability of a debt has been brought by any party in interest to this case. The deadline for filing a complaint to determine the dischargeability of a debt pursuant to § 523(a)(4) expires December 12, 2006.

## Conclusions of Law

South Carolina Supreme Court and ODC seek either a determination that they are not subject to the automatic stay imposed by § 362(a) or that relief from the stay should be granted for cause pursuant to § 362(d)(1). The initial request rests on § 362(b)(4) and requires a determination of three factors. First, are movants within the definition of the term "governmental unit", second is the proposed action within the "police and regulatory power", and finally, does the action proposed fall within the scope of the subsections of §§ 362(a)(1), (2), (3) or (6) and outside the ambit of the enforcement of a monetary judgment.

The Bankruptcy Code provides that the filing of a bankruptcy petition does not operate to stay "under paragraph (1), (2), (3), or (6) of subsection (a) of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police or regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power. . . ." § 362(b)(4). Governmental unit "means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." § 101(27).

South Carolina Supreme Court is possessed of the authority of the judicial branch of one of the sovereign states. It chooses to exercise some part of its authority to regulate the practice of law through the Office of Disciplinary Counsel. The legislative history of the subsection of the Bankruptcy Code defining "governmental unit" indicates that the term is to be construed in its broadest sense. The key to the determination is whether the department,

agency or instrumentality carries out a governmental function. *See* H. R. Rep. No. 95-595, 95th Cong., 1st Sess. 311 (1977), U.S. Code Cong. & Admin News 1978, p. 6268. The term has been extended to state bar associations charged with disciplinary authority. *See In re Wade*, 115 B.R. 222 (9th Cir. BAP 1990), *In re Williams*, 158 B.R. 488 (Bankr. D. Idaho 1993). ODC and South Carolina Supreme Court are governmental entities.

We turn then to the scope of the police and regulatory exception to the stay. The exception has been applied to permit a host of actions including, "state bar disciplinary proceedings, employment discrimination actions, labor law enforcement proceedings, rent regulation enforcement, the enforcement of minimum wage laws[,] . . . enforcement of water quality control standards[,] . . . enforcement of actions by the Federal Trade Commission to enjoin illegal lending, . . . by the Securities Exchange Commission, including actions seeking disgorgement of illicit profits[,] . . .[and] the enforcement of a prepetition award of sanctions against the debtor . . .[in enforcing a court order]". *Collier on Bankruptcy*, ¶ 362.05[5][b], p. 362-62&63 (15th ed. rev. 2002). There can be no function more clearly within the police and regulatory exception to the stay than the actions of the judicial branch of a sovereign in regulating the conduct of and in disciplining the officers of the court. Disciplinary proceedings serve an inherently government function and protect the public from wrongful conduct by those licensed to practice law. The actions taken and proposed do not have the primary purpose of reimbursing third parties for damages, as claimed by Arsi, but deter improper conduct by members of the bar and vindicate the authority of the South Carolina Supreme Court. Disciplinary proceedings are not limited to those actions affecting the license but extend broadly to the regulation of the practice of law and to protecting the public.

The final question is the extent of the inoperability of the stay to governmental units. Those provisions of the stay which are inapplicable to the governmental unit in the exercise of its police and regulatory powers are quite broad. Nonetheless, subsections 4, 5, 7, and 8 of § 362(a) and the prohibition against the enforcement of a monetary judgment remain to constrain the exercise of power. Any additional relief from the stay that might be considered by this Court would not traverse these constraints, especially in light of the fact that litigation of the dischargeability of the underlying debts remains an open issue. The exception to the stay permits actions, other than the enforcement of a monetary judgment, that may be encompassed within the scope of § 362(a)(1), (2), (3), and (6); authorize the entry of further orders by the South Carolina Supreme Court clarifying the exact procedure by which money previously received from Arsi is to be accounted for and disbursed; and permit such actions and orders as may be necessary to enforce the March 24, 2006 Order or subsequent orders (including the imposition of sanctions, civil and criminal contempt). These exceptions apply to Arsi but do not implicate Kayla M. Arsi at this time.

Finally, Arsi contends that movants seek a determination of dischargeability under the cloak of this motion for relief from the stay. The issue of dischargeability, whether advanced by movants or Arsi, is not properly before the Court. The South Carolina Supreme Court, in its consideration of the disciplinary issues that may come before it, may be confronted with the question of the application of § 523(a)(7) and has concurrent jurisdiction with the federal courts unless the matter is first decided here, upon proper complaint. The issue of § 523(a)(4)'s application, which appears to concern the debtor, is not yet time barred but will either be decided in this court or will result in a discharge for Arsi (at least to the extent of that section) if not timely raised.

South Carolina Supreme Court and ODC enjoy the exception from the stay provided by and to the extent of § 362(b)(4).